**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leslie Charles COHEN, Defendant–
Appellant.**

No. 05–10151.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Feb. 6, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel R. Drake, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

Leslie Charles Cohen appeals his jury conviction for bank fraud and related charges. He argues that his Sixth Amendment right to self-representation was violated because he was deprived of food, sleep, and law library access during his trial, and that the district court violated his right to equal protection by denying his request for a free transcript of a mistrial for impeachment purposes. He also challenges the lawfulness of a search warrant executed on his home.

We review de novo whether a defendant's right to self-representation was violated. *See United States v. Sarno,* 73 F.3d 1470, 1491 (9th Cir.1995). If the district court's discretion is implicated, we review for an abuse of discretion, and we review any underlying findings of fact for clear error. *United States v. Mateo–Mendez,* 215 F.3d 1039, 1042 (9th Cir.2000). We also review de novo the district court's denial of a motion to suppress evidence, *United States v. Meek,* 366 F.3d 705, 711 (9th Cir.2004), and whether the district court erred by refusing to provide appellant with a free transcript of the prior proceeding. *United States v. Kirk,* 844 F.2d 660, 662 (9th Cir.1988).

■ We conclude that appellant's Sixth Amendment right to self-representation was not violated. By citing only to his complaints about food and sleep during the January, 2004, mistrial, appellant fails to establish that he lacked adequate food and sleep during his March, 2004, trial. Moreover, the large number of filings that appellant submitted to the court before and during his March trial demonstrate that he was sufficiently prepared for trial, and the district court's decision to deny him "extra

library time" during his trial was not a Sixth Amendment violation, under *Sarno,* 73 F.3d at 1491 (recognizing limited prison library hours as a reasonable institutional resource constraint and not contrary to the Sixth Amendment).

■ We disagree with appellant's claim that the district court committed reversible error by denying his motion without prejudice for a free transcript of mistrial testimony for impeachment purposes because appellant fails to establish any impeachment value to the transcript under *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) (stating that the government must provide an indigent defendant with a free transcript of a mistrial when it is "needed for an effective" defense). The mistrial testimony was brief and of no impeachable value because it was foundational or documented in a spreadsheet of which appellant had a copy. Moreover, any error was harmless beyond a reasonable doubt because (1) the witness's credibility was not in issue, (2) appellant points to no inconsistent testimony by the witness during the mistrial and his second trial, and (3) overwhelming evidence supports appellant's conviction. *See United States v. Devlin,* 13 F.3d 1361, 1363 (9th Cir.1994) (providing for reversal of conviction for constitutional error unless the government establishes that error was harmless beyond a reasonable doubt) (internal citations omitted).

■ Lastly, the district court did not err by denying appellant's motion to suppress evidence obtained during a search of his residence. Under *United States v. Celestine,* 324 F.3d 1095, 1101 (9th Cir.2003), the FBI agents were not required to serve appellant with the probable cause affidavit when they executed the search warrant. Moreover, because he received a copy of the affidavit several months before trial and relied on it to support his motion to suppress, appellant fails to establish any prejudice from not having obtained a copy of the affidavit earlier. *Id.*

**AFFIRMED.**